IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

RICARDO JAMAL STROZIER, )
)
Plaintiff, )
)
v. ) CV 318-057
)
PHIL HALL, Warden; CATHY LEWIS, )
Deputy Warden of Care and Treatment; )
FRED GAMMAGE, Deputy Warden of )
Security; and BARBARA GRANT, Unit )
Manager, individually and in their official )
capacities, )
)
Defendants. )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 13.) Plaintiff alleges for the first time in his objections that, upon entry into the Tier II Program on November 17, 2016, he remained in an isolation cell and thus continued to experience the same atypical and significant hardship that began when he was first placed in an isolation cell on August 4, 2016. (Id. at 1-2; see also doc. no. 1-1.) These conditions continued until he was transferred to Ware State Prison ("WSP") on November 29, 2016. (Id. at 1.; doc. no. 1-1, p. 5.) This new allegation is consistent with the generalized allegations in his complaint that he was placed in Tier II and such a placement customarily requires nine months of imprisonment in an isolation cell. (Doc. no. 1-1, p. 2.)

While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. June 5, 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). However, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court will consider this new allegation, especially since it is consistent with the more generalized allegations in the Complaint, and on this basis finds Plaintiff has arguably stated a due process claim for remaining in an isolation cell upon being placed in the Tier II Program until his transfer to WSP twelve days later. See Thomas v. Warner, 237 F. App'x 435, 438 (11th Cir. 2007) (citing Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999)) (stating due process claims exist for prisoners where deprivation of benefits bestowed is atypical and significant hardship); see also Sandin v. Conner, 515 U.S. 472, 484 (1995); Wolff v. McDonnell, 418 U.S. 539, 558 (1974).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion, **OVERRRULES** Plaintiff's remaining objections, and **DISMISSES** Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, official capacity claims for monetary damages, and claims for loss or damage to his property for failure to state a claim. As explained in the Magistrate Judge's December 11, 2018 Order, the case will proceed on Plaintiff's (1)

2

Fourteenth Amendment due process claim against Deputy Warden Fred Gammage and Unit Manager Barbara Grant for placing Plaintiff in an isolation cell for extended periods of time; and (2) retaliatory transfer claim against all Defendants for transferring Plaintiff to WSP for filing grievances concerning his isolation and placement in the Tier II program. (Doc. no. 12.) Additionally, as stated herein, Plaintiff may proceed with his Fourteenth Amendment due process claim against all Defendants for remaining in an isolation cell upon being placed in the Tier II Program until his transfer to WSP twelve days later. Service of process to all Defendants was directed by the Magistrate Judge in the December 11th Order. Accordingly, in light of this Order allowing an additional claim forward, Defendants shall have an additional fourteen days which to ~~answer,~~ move, or otherwise plead to Plaintiff's Complaint.

SO ORDERED this 24th day of January 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3